RECEIVED



U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

SEP 10 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

970 Broad Street
Newark, New Jersey  07102

(973) 297-2020

May 14, 2019

Javier Solano, Esq.
350 Fifth Avenue, Suite 5900
New York, New York 10118

      Re: <u>Plea Agreement with Denny Diaz</u>

Dear Mr. Solano:

     Cr. 19-631 (PGS)

      This letter sets forth the plea agreement between your client, Denny Diaz, and the United States Attorney for the District of New Jersey ("this Office"). This Office's offer to enter into this plea agreement will expire on June 7, 2019, if a signed copy is not received by this Office on or before that date.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Denny Diaz to a one-count Information, which charges Denny Diaz with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute narcotics, namely 400 grams or more of fentanyl, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in violation of 21 U.S.C. §§ 846. If Denny Diaz enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Denny Diaz for his conspiracy to distribute and possess with intent to distribute narcotics in or around March 2019. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Denny Diaz agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Denny Diaz may be commenced against him, notwithstanding the expiration of the limitations period after Denny Diaz signs the agreement.

<u>Sentencing</u>

      The violation of 21 U.S.C. §§ 846 to which Denny Diaz agrees to plead guilty carries a statutory mandatory minimum penalty of 10 years'

imprisonment and a statutory maximum penalty of life imprisonment, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Denny Diaz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Denny Diaz ultimately will receive.

Further, in addition to imposing any other penalty on Denny Diaz, the sentencing judge: (1) will order Denny Diaz to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Denny Diaz to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853; and (4) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841(b)(1)(A), shall require Denny Diaz to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Denny Diaz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Denny Diaz may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Additionally, if at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.C. § 3553(f)(1)-(5) apply to Denny Diaz and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regard to any statutory minimum sentence.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Denny Diaz by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Denny Diaz's activities and relevant conduct with respect to this case.

Stipulations

This Office and Denny Diaz agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Denny Diaz from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Denny Diaz waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Denny Diaz agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, Denny Diaz agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Denny Diaz further consents to the entry of a forfeiture money judgment in the amount representing the proceeds of the offense charged in the Information and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses, pursuant to 21 U.S.C. § 853 (the "Money Judgment"). Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. Denny Diaz shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Denny Diaz waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, Denny Diaz consents to the entry of a Consent Judgment of Forfeiture that will be final as to the Denny Diaz prior to Denny Diaz's sentencing. Denny Diaz understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of Denny Diaz's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Denny Diaz hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Denny Diaz understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his

naturalization. Denny Diaz understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Denny Diaz wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Denny Diaz understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Denny Diaz waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Denny Diaz. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Denny Diaz.

No provision of this agreement shall preclude Denny Diaz from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Denny Diaz received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Denny Diaz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                Very truly yours,

                Craig Carpenito
                United States Attorney

                By: ANDREW MACURDY
                Assistant U.S. Attorney

APPROVED:

_____
MEREDITH WILLIAMS
Chief, OCDETF/Narcotics Unit

   I have received this letter from my attorney, Javier Solano, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_Denny Diaz_ (signature)         Date: 9/9/19
Denny Diaz

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_Javier Solano_ (signature)        Date: 9/9/19
Javier Solano, Esq.

<u>Plea Agreement With Denny Diaz</u>

<u>Schedule A</u>

1. This Office and Denny Diaz recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Denny Diaz nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Denny Diaz within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Denny Diaz further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. This guideline carries a Base Offense Level of 34 because the offense, including relevant conduct, involved at least 4 kilograms but less than 12 kilograms of fentanyl. U.S.S.G. § 2D1.1(c)(3).

4. Because he was a minor participant in the criminal activity, Denny Diaz' offense level is decreased by 2 levels pursuant to U.S.S.G. § 3B1.2(b).

5. Because he was a minor participant and his Base Offense Level is 34, Denny Diaz' offense level is decreased by an additional 3 levels pursuant to U.S.S.G. § 2D1.1(a)(5).

6. Pursuant to the change in law effected by Section 402(b) of the First Step Act of 2018 (the "Act"), Denny Diaz may be eligible for the relief set forth in 18 U.S.C. § 3553(f) (the "Statutory Safety-Valve"). That is because the Act, which became effective on December 21, 2018, broadens the class of defendants who are eligible to receive relief under the Statutory-Safety Valve.

7. Within the meaning of 18 U.S.C. § 3553(f)(2) and United States Sentencing Guidelines ("U.S.S.G.") § 5C1.2(a)(2), Denny Diaz did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

8. Within the meaning of 18 U.S.C. § 3553(f)(3) and U.S.S.G. § 5C1.2(a)(3), the offense did not result in death or serious bodily injury to any person.

9. Within the meaning of 18 U.S.C. § 3553(f)(4) and U.S.S.G. § 5C1.2(a)(4), Denny Diaz was not an organizer, leader, manager, or supervisor

of others in the offense, as determined under the Sentencing Guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

10. Whether Denny Diaz meets the criterion set forth in U.S.S.G. §§ 5C1.2(a)(1) and (a)(5) has not yet been determined. If applicable, whether Denny Diaz meets the criterion set forth in 18 U.S.C. § 3553(f)(1), as amended by the Act has not yet been determined.

11. If the Court finds that Denny Diaz meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court may impose a sentence without regard to any statutory mandatory-minimum sentence that might otherwise be applicable to any controlled substance offense(s) charged in this case. If the Court determines that Denny Diaz does not meet the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), the Court must impose a sentence subject to any applicable statutory mandatory-minimum sentence.

12. The United States Sentencing Commission has not yet amended the corresponding provision of the United States Sentencing Guidelines — U.S.S.G. § 5C1.2 — to conform that provision to the Statutory Safety-Valve. If Denny Diaz has more than 1 criminal history point, as determined under the Guidelines before the application of subsection (b) of § 4A1.3, he would not satisfy U.S.S.G. § 5C1.2(a)(1) and would not qualify for the two level reduction in offense level specified in U.S.S.G. § 2D1.1(b)(18).

13. As of the date of this letter, Denny Diaz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if his acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

14. As of the date of this letter, Denny Diaz has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Denny Diaz's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Denny Diaz enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Denny Diaz's acceptance of responsibility has continued through the date of sentencing and Denny Diaz therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Denny Diaz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

15. If, at the time of sentencing, the Court determines that Denny Diaz meets the criteria set forth in the safety valve provisions in 18 U.S.C § 3553(f)(1)–(5) and U.S.S.G § 5C1.2(a)(2)–(5), this Office will move for a two-level downward variance pursuant to 18 U.S.C. § 3553(a). Doing so would give Denny Diaz the benefit now of any later conforming amendment to U.S.S.G. § 5C1.2. If this Office so moves, Denny Diaz shall not seek a reduced sentence pursuant to 18 U.S.C. § 3582(c) in the event that after Denny Diaz is sentenced in this case, the Sentencing Commission amends U.S.S.G. § 5C1.2(a)(1) to conform it to the current version of 18 U.S.C. § 3553(f)(1) and makes that amendment retroactive.

16. In accordance with the above, the parties agree that:

(a) if the Court finds, pursuant to U.S.S.G. § 5C1.2, that Denny Diaz meets the criteria currently in U.S.S.G § 5C1.2(a)(1)–(5), Denny Diaz will be entitled to a 2-level reduction in his offense level pursuant to U.S.S.G. § 2D1.1(b)(18), with the result that the total Guidelines offense level applicable to Denny Diaz will be 24;

(b) if the Court finds pursuant to the Act that Denny Diaz meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G § 5C1.2(a)(2)-(5), then a two-level variance is appropriate, with the result that the total Guidelines offense level applicable to Denny Diaz will be 24; and

(c) otherwise, the total Guidelines offense level applicable to Denny Diaz will be 26 (collectively, the "agreed total Guidelines offense level"), subject to any applicable statutory mandatory minimum.

17. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

18. Denny Diaz knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, a motion under 28 U.S.C. § 2255, or a motion under 18 U.S.C. § 3582(c) or 18 U.S.C. § 3583(e), which challenges or seeks to modify the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 26, subject to any applicable mandatory minimum. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from a total Guidelines offense level of 24. The Government reserves the right to appeal any sentence below any applicable mandatory

minimum.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.  The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.  Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  But nothing in this plea agreement shall preclude Denny Diaz from pursuing, in an appropriate forum and when permitted by law, a collateral attack claiming that his guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

19.  Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.